FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 05 2017 ★
BROOKLYN OFFICE

MEMORANDUM TO
THE HONORABLE RAYMOND J. DEARIE
U.S. DISTRICT JUDGE

RE: STEVEN CHER
DOCKET NO. 13-CR-305
**REQUEST FOR EARLY TERMINATION OF**
**SUPERVISED RELEASE**

12/1/17
Approved.
So Ordered
s/ RJD

Reference is made to the above individual sentenced by Your Honor on April 16, 2015 after a plea of guilty to Conspiracy to Commit Visa Fraud, in violation of 18 USC 371, a Class D Felony. The offender was sentenced to three (3) years probation and the following special conditions of supervision were imposed: 1) The defendant shall complete 250 hours of community service during the first two years of the probationary period, as directed and approved by the Court through the Office of the Probation Department; 2) The defendant shall pay restitution in the amount of $3000, due immediately and payable at a minimum of 10% of his gross monthly income; 3) The defendant shall provide periodic full financial disclosure as and when required by the Court through the Office of the Probation Department; and 4) The defendant shall maintain full-time verifiable employment as approved by the Court through the Office of the Probation Department. A $100 special assessment was imposed.

On November 20, 2017, the offender's attorney submitted an application to the Court requesting an early termination of the offender's term of probation. The purpose of this memorandum is to respond to the offender's request. The offender has completed more than thirty one (31) months of supervision without any violations or new criminal activity, and to date, he has seemingly exceeded all goals of supervision.

As the Court is aware, early termination is controlled by statute, as well as sentencing law and policy. With regard to statute, felony probation and supervised release cases are subject to 18 U.S.C. §3564(c) and 18 U.S.C. §3583(e)(1), respectively; and the general provisions of 18 U.S.C. §3553(a). In germane part, 18 U.S.C. §3583(e)(1) indicates that "the court may, after considering the factors set forth in §§3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . .[1] terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant and *in the interest of justice*. (Emphasis added)(See 18 U.S.C. §3583(e)(1)).

In *U.S. v Lussier* 104 F3d 32 (2d Cir 1997) and *U.S. v. Sheckley* 129 F3d 114 (2d Cir 1997), the Second Circuit indicated "the defendant is not entitled to early termination simply because he

---

[1] (a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (a)(2)(B) to afford adequate deterrence to criminal conduct; (a)(2)(C) to protect the public from further crimes of the defendant; and (a)(2)(D) to provide the defendant with needed educational or vocational training. medical care, or other correctional treatment in the most effective manner; (a)(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (a)(5) any pertinent policy statement issued by the Sentencing Commission; (a)(6) the need to avoid unwarranted sentence disparities; and (a)(7) the need to provide restitution to any victims of the offense.

has successfully served a portion of his supervised release term. And no evidence has been presented – such as 'exceptionally good behavior' - to substantiate such 'changed circumstance' as might warrant early termination of supervised release." We cite *Lussier* and *Sheckley* as guidance for Your Honor, but also respectfully note that neither case requires exceptionally good behavior, nor is that the standard. Both *Lussier* and *Sheckley*, consistent with 18 U.S.C. §3583, establish that the standard for early termination is in "the interest of justice."

Moreover, this reading of the statute is consistent with the policy of the Judicial Conference Criminal Law Committee and the Administrative Office of the U.S. Courts (AO), which in a May 12, 2009 memorandum, wrote that 3583(e)(1) does not require "exceptional conduct" to justify early termination. Instead, a court must simply be satisfied that the termination is warranted and is in the interest of justice. The Judicial Conference has endorsed nine non-binding criteria for assessing whether an offender who satisfies the minimal statutory factors should be recommended for early termination.[2] Lastly, the policy which influences early termination results from directives from the Judicial Conference and the AO. In this regard, the Criminal Law Committee has directed early termination of supervision as "recommended and favored" policy for appropriate probation and supervised release offenders.

As noted above, the offender has served more than thirty one (31) months of his supervision term and has been compliant with the conditions of his supervision. The offender satisfied the community service special condition within the time allotted by the Court. The offender has also satisfied the restitution obligation. The offender paid the special assessment in full. The offender has maintained a stable residence throughout supervision. Based on his overall compliance, the offender has been supervised in our Low Intensity Unit since December 7, 2016.

Predicated on the entirety of this case, as well as the nine (9) factors which control early termination of supervision, the Probation Office recommends that the Court consider granting the requested early termination of supervised release. Our office also notes in the offender's application to the Court, his desire to move with his family out of New York. The undersigned probation officer has contacted AUSA Lauren Elbert who does not object to the offender's request for early termination of supervised release. We await Your Honor's decision in response to the offender's early termination request and we remain prepared to follow the instructions of the Court as they relate to this matter.

---

[2] (1) stable community reintegration (*e.g.*, residence, family, employment); (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction, particularly large drug or fraud offenses; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public safety.

RESPECTFULLY SUBMITTED BY:

EILEEN KELLY
CHIEF U.S. PROBATION OFFICER

PREPARED BY: *Vincent Danielo*
VINCENT DANIELO
U.S. PROBATION OFFICER

APPROVED BY: *Edward Kanaley*
EDWARD J. KANALEY
SUPERVISORY U.S. PROBATION OFFICER

VAD

November 30, 2017